## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CARLO QUISENBERRY | : | |
| 119 Cidar Lane | : | CIVIL ACTION |
| Canonsburg, Pennsylvania 15317 | : | |
| | : | No. __2:20-cv-1824__ |
| | : | |
| *Plaintiff,* | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| JON T. RIDGE | : | |
| *Washington County Chief Adult Probation* | : | |
| *and Parole Officer* | : | |
| 29 West Cherry Avenue | : | |
| Family Court Center | : | |
| Suite 413 | : | |
| Washington, Pennsylvania 15301  and | : | |
| | : | |
| WASHINGTON COUNTY | : | |
| Courthouse Square | : | |
| 100 West Beau Street | : | |
| Washington, Pennsylvania 15301 | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

## CIVIL ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I.   Introduction

1. Plaintiff, James Carlo Quisenberry, has initiated the instant action to obtain relief for his unlawful arrest without a valid warrant in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2. Disturbingly, the well-established dictates of the Fourth Amendment (requiring a determination of probable cause by a detached and disinterested judicial officer before the issuance of an arrest warrant) were ignored in Plaintiff's case, resulting in an unlawful and invalid arrest, and have likely been ignored (and continue to be ignored) in countless other cases due to the use of "pre-signed" arrest warrants by the Washington County Adult Probation and Parole Department.

1

3.  Sworn testimony from Defendant Jon T. Ridge (the Chief Adult Probation and Parole Officer for Defendant Washington County) indicates Defendants are engaging in the flatly unconstitutional practice of utilizing pre-signed arrest warrants with no judicial determination of probable cause to take individuals accused of bond violations into custody, in blatant violation of the Fourth and Fourteenth Amendments.

4.  The foregoing practice is flatly unconstitutional, has likely infringed upon the constitutional rights of hundreds of individuals, and must be halted forthwith.

## II.  Parties

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff James Carlo Quisenberry (hereinafter "Plaintiff") is an adult individual with an address as captioned above.

7.  Defendant Jon T. Ridge (hereinafter "Defendant Ridge") is an adult individual with a business address as captioned above.

8.  Defendant Ridge currently serves as the Chief Adult Probation and Parole Officer for Defendant Washington County.

9.  At all times relevant hereto, and specifically on August 10, 2019, Defendant Ridge was a law enforcement officer who acted under color of state law.

10. Defendant Washington County (hereinafter "Defendant County") is a county located in southwestern Pennsylvania with a population in excess of 200,000 persons.

11. At all times relevant hereto, Defendant County acted through its agents, servants, and employees, including but not limited to Defendant Ridge and President Judge Katherine B. Emery, all of whom acted in the course and scope of their employment.

## III.  Jurisdiction and Venue

12. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

13. The Court may properly maintain personal jurisdiction over the named Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

14. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

15. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

16. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendants reside in and/or conduct business in this judicial district; and/or (b) because the acts and omissions giving rise to the claims set forth herein (including the issuance of the unlawful warrant and Plaintiff's subsequent arrest) occurred exclusively in this judicial district.

## IV.    Factual Background

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. On August 10, 2019, Plaintiff was arrested by three Peters Township police officers for an alleged bond violation in criminal case No. 1178-2019 (*Commonwealth of Pennsylvania v. James Carlo Quisenberry*).

19. The foregoing arrest was made without a valid warrant.

20. At the time of the arrest, the foregoing case was in the pretrial stage and Plaintiff had been released on bond.

21. Plaintiff was confined in jail following the foregoing arrest.

22. On August 15, 2019, Defendant Ridge admitted during sworn testimony in the foregoing case that Plaintiff's arrest was made without a valid warrant.

23. Specifically, Defendant Ridge testified that he "released" a "pre-signed warrant" provided to him by Washington County President Judge Katherine B. Emery.

24. Defendant Ridge also testified he had the discretion to release "pre-signed" arrest warrants with no involvement or discretion exercised by a Judge.

25. Defendant Ridge's testimony makes it evident that no Judge made a finding of probable cause in Plaintiff's case and that the "warrant" on which Plaintiff was arrested was a legal nullity.

26. Defendant Ridge's testimony, on information and belief, makes it evident that Defendant County makes it a practice to regularly utilize "pre-signed" warrants to effectuate the arrest of certain individuals accused of bond violations.

27. The foregoing practice is a violation of the Fourth Amendment to the United States Constitution, as applied to the states through the Due Process Clause of the Fourteenth Amendment.

28. The law relating to the requirement of a valid warrant for an arrest has been well-established for decades.

29. Over seventy years ago, the United States Supreme Court noted in *Johnson v. United States,* 333 U.S. 10 (1948) that "]t]he point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."

30. The practice of utilizing pre-signed arrest warrants entirely eliminates the protections of the Fourth Amendment, is the functional equivalent of *no warrant at all,* and therefore (to quote the *Johnson* Court) " . . . reduce[s] the [Fourth] Amendment to a nullity . . . " and leave citizens secure from unlawful seizure " . . . only in the discretion of police officers."

**Count One**
**Plaintiff v. Defendant Ridge**
**42 U.S.C. § 1983**
**Violations of Fourth and Fourteenth Amendments**
**(Damages, Declaratory Relief, and Injunctive Relief)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. In acting as aforesaid, Defendant Ridge, acting under color state law, knowingly and deliberately arrested or caused the arrest of Plaintiff without a valid warrant by "releasing" the pre-signed warrant.

33. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

34. In acting as aforesaid, Defendant Ridge violated Plaintiff's well-established rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, which applies the requirements of the Fourth Amendment to the states. *See Aguilar v. Texas,* 378 U.S. 108 (1964) (holding that the standards applicable to warrants are the same under the Fourth and the Fourteenth Amendments); *see also Ker v. California*, 374 U.S. 23 (1963) (applying Fourth Amendment to state court action).

35. Defendant Ridge acted knowingly and intentionally to violate Plaintiff's rights under the United States Constitution.

36. Defendant Ridge's actions violated long-established law relating to arrests and the requirement of a valid warrant for same, and evidenced a willful indifference to Plaintiff's rights under the United States Constitution and an abrogation of his responsibilities as a law enforcement officer.

37. The foregoing actions and inactions on the part of Defendant Ridge caused the Constitutional violations set forth herein.

38. In addition to damages, Plaintiff seeks declaratory and injunctive relief to ensure that the foregoing Constitutional violations are not repeated by Defendant Ridge.

   WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause of the instant Complaint.

**Count Two**
**Plaintiff v. Defendant Washington County**
**42 U.S.C. § 1983**
**Policy, Custom or Practice Violating Fourth and Fourteenth Amendments**
**(Damages, Declaratory Relief, and Injunctive Relief)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Defendant Ridge (the Chief Adult Probation and Parole Officer for Defendant County) and President Judge President Judge Katherine B. Emery (who pre-signed the warrant in Plaintiff's case) were official policymakers of Defendant County.

41. The actions of Defendant Ridge and President Judge Emery as regards issuance of pre-signed arrest warrants represented the official policy of Defendant County.

42. Defendant County, through Defendant Ridge and President Judge Emery, made it an official policy to issue pre-signed arrest warrants with no determination of probable cause in certain bond violation cases, which policy violated and continues to violate the Fourth and Fourteenth Amendments to the United States Constitution.

43. Alternatively, the issuance and use of pre-signed arrest warrants represented and continues to represent a widespread and well-settled practice that constitutes the official custom of Defendant County and has the force of law, even if not formally approved.

44. Additionally, Defendant County failed to adequately train and/or supervise Defendant Ridge and/or other employees of the Adult Probation and Parole Department in the proper issuance and use of arrest warrants.

45. The foregoing actions and inactions on the part of Defendant County caused the Constitutional violations set forth herein.

46. Plaintiff seeks declaratory and injunctive relief to ensure that the foregoing policy, practice or custom is halted forthwith.

> WHEREFORE, Plaintiff respectfully requests the relief set forth in the *Ad Damnum* clause of the instant Complaint.

### *AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.   That judgment be entered in Plaintiff's favor on the claims set forth in the instant Complaint;

B.   That Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendants;

C.   That the Court enter a judgment declaring that Defendant County's policy, practice or custom of utilizing pre-signed arrest warrants in bond violation cases violates the Fourth and Fourteenth Amendments to the United States Constitution;

D.   That Defendant County be enjoined from continuing the policy, practice or custom of utilizing pre-signed arrest warrants in bond violation cases, as this policy, practice or custom violates the Fourth and Fourteenth Amendments to the United States Constitution;

E.    That the Court maintain jurisdiction over the instant action to monitor Defendant County's compliance with any judgment it may issue and require Defendant County to report regularly on its efforts to ensure that pre-signed arrest warrants are not utilized by it in the future once such judgment is entered;

F.    That Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

G.    That Plaintiff is to be accorded any and all other legal, declaratory and/or equitable relief as the Court deems just, proper, and appropriate;

H.    That Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable law;

I.    That Plaintiff's claims against Defendants are to receive a trial by jury.  Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).


                             Respectfully submitted,


                             WAYNE A. ELY

              BY:    /S/   Wayne A. Ely
                     Wayne A. Ely, Esquire
                     Pennsylvania Attorney Identification No. 69670
                     Attorney for Plaintiff
                     225 Lincoln Highway
                     Building A, Suite 150
                     Fairless Hills, Pennsylvania 19030
                     (215) 801-7979

November 24, 2020


8