## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

JAMES CARLO QUISENBERRY,   Civil Action No. 2:20-cv-01824

    Plaintiff,   Judge J. Nicholas Ranjan

v.

JON T. RIDGE,
Washington County Chief Adult
Probation and Parole Officer, and
WASHINGTON COUNTY,

    Defendants.

### DEFENDANTS' MOTION TO DISMISS

AND NOW, come the Defendants, Jon T. Ridge and Washington County, by and through their attorneys, Robert J. Grimm, Esquire and the law firm of Swartz Campbell, LLC and file the following Motion to Dismiss, asserting and setting forth the following:

### I. FACTS & PROCEDURE

1. The Plaintiff, James Carlo Quisenberry ("Mr. Quisenberry"), has filed a Complaint against the Defendants, Jon T. Ridge ("Mr. Ridge") and Washington County ("the County"), asserting claims pursuant to 42 U.S.C. § 1983.

2. Mr. Quisenberry pleads that he was arrested on August 10, 2019, "for an alleged bond violation" in relation to a criminal case pending against him, but he insists that this arrest was made "without a valid warrant." **Pl.'s Compl. at ¶¶ 18-19.**

3. Mr. Quisenberry alleges that Mr. Ridge, in his role as Chief Adult Probation and Parole Officer, utilized a "pre-signed warrant" provided by the Honorable President Judge Katherine B. Emery to effectuate the arrest. **Id. at ¶¶ 23, 32.**

4. Mr. Quisenberry contends that the use of a pre-signed warrant by Mr. Ridge constituted a violation of his rights under the Fourth Amendment to the United States Constitution (as applied to the states via the Fourteenth Amendment), because it permitted his arrest absent a judicial finding of probable cause. **Id. at ¶¶ 24-25, 33-34.**

5. Mr. Quisenberry further contends that the use of pre-signed warrants represents a "policy, custom, or practice" attributable to the County that constituted a violation of his same rights. **Id. at ¶¶ 40-42, 45.**

6. Mr. Quisenberry's Complaint omits critically important facts that the Defendants request the Court take judicial notice of, as elaborated upon below. These facts, coupled with legal arguments set forth within, require the dismissal of Mr. Quisenberry's Complaint against both Mr. Ridge and the County.

## II. ARGUMENT IN SUPPORT OF DISMISSAL BASED ON LACK OF SUBJECT MATTER JURISDICTION (DEFENDANT JON T. RIDGE)

7. Mr. Quisenberry's Complaint against Mr. Ridge should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), because Mr. Ridge is entitled to sovereign immunity under the Eleventh Amendment.

8. Mr. Quisenberry has filed suit against Mr. Ridge in his capacity as "Chief Adult Probation and Parole Officer." **Pl.'s Compl. at ¶¶ 3, 8, 11.**

9. Although Mr. Quisenberry refers to Mr. Ridge as an agent and/or employee of the County, he is, in actuality, an employee of the Adult Probation Office, which is part of the Court of Common Pleas of Washington County, which itself comes under the umbrella of the Commonwealth of Pennsylvania's Unified Judicial System.

10. In this respect, Mr. Ridge is factually and legally an employee of the Commonwealth of Pennsylvania, *not* the County. See Perez v. Borough of Berwick, 507 F. App'x 186, 189-

2

90 (3rd Cir. 2012) (finding Columbia County did not operate Probation Department, because "Pennsylvania probation and parole departments are part of the Commonwealth's Unified Judicial District").

11. In light of his status as an employee of the Unified Judicial System and, therefore, of the Commonwealth of Pennsylvania, Mr. Ridge may avail himself of Eleventh Amendment sovereign immunity.

> Under the Eleventh Amendment, States are immune from suits for damages by individual citizens. This immunity extends to arms of the state, such as state and county agencies which have no separate existence from the state itself. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has held that county probation and parole offices are part of Pennsylvania's judicial system which is considered an arm of the state, and are thus entitled to Eleventh Amendment immunity. Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir.2008).

Thompson v. Williams, No. 09-1432, 2013 WL 2452205, *4-*5 (W.D. Pa. June 5, 2013.

12. In Thompson, this Court ruled that the Eleventh Amendment barred suit against employees of Fayette County's Department of Adult Probation and Parole, because suit against these employees was analogous to suit against a state official acting in her official capacity which "is not a suit against the official but rather a suit against the office . . . [and] no different from a suit against the State itself." Id. at *5.

13. The Court should reach the same conclusion in this case that it did in Thompson and dismiss Mr. Quisenberry's Complaint against Mr. Ridge on the basis of Eleventh Amendment sovereign immunity.

14. In the alternative, the Court should dismiss Mr. Quisenberry's suit against Mr. Ridge on the basis of qualified immunity.

15. Probation officers, like police officers, are typically entitled to qualified immunity. See Presley v. Morrison, 950 F. Supp. 1298, 1304 (E.D. Pa. 1996).

3

16. The United States Supreme Court has held that "government officials [including probation officers] performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

17. Mr. Ridge did not violate Mr. Quisenberry's statutory or constitutional rights because his conduct consisted of nothing more than deploying an arrest warrant that had been signed by President Judge Emery.

18. Use of the arrest warrant was necessitated when Mr. Ridge learned of Mr. Quisenberry's violation of the terms of his release and the consequent threat posed to Judge Costanzo.

19. What is more, as alluded to above and elaborated upon in detail below, the warrant issued only after Judge Solomon determined that probable cause existed to support Mr. Quisenberry's arrest.

20. For these reasons, it is clear that Mr. Ridge is entitled to qualified immunity and Mr. Quisenberry's Complaint against him should be dismissed.

### III. ARGUMENT IN SUPPORT OF DISMISSAL BASED ON FAILURE TO STATE A CLAIM (DEFENDANTS WASHINGTON COUNTY AND JON T. RIDGE)

*A. Failure to State a Claim for Respondeat Superior Liability against the County*

21. Mr. Quisenberry's Complaint against the County should be dismissed because he is unable to state a viable claim for *respondeat superior* liability against it.

22. As explained above, the County is not Mr. Ridge's employer.

23. To refer again to this Court's ruling in Thompson v. Williams, the plaintiff in that case sued not only individual employees of Fayette County's Department of Adult Probation and Parole, but also the Department itself *and* Fayette County. No. 09-1432, 2013 WL

4

2452205 (W.D. Pa. June 5, 2013). Fayette County argued that all claims against it should be dismissed because it did not oversee and was not responsible for the operation of the Department of Adult Probation. Id. at *6. This Court agreed. Dispensing with the notion that *respondeat superior* could form the basis of liability, this Court stated: "Fayette County cannot be held accountable for the actions of a state entity and its agents over which it has no control." Id.

24. Similarly, the County cannot be vicariously or indirectly liable for any actions taken by Mr. Ridge, because he is not an employee of the County, and the Adult Probation Office he oversees is an arm of the Unified Judicial System of the Commonwealth of Pennsylvania, not a local agency of the County.

### B. Failure to State a Claim for <u>Monell</u> Liability against the County

25. Mr. Quisenberry appears to be pleading a claim for direct liability against the County based on the United States Supreme Court's decision in Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978).

26. In order to prevail on a claim as contemplated under Monell, a plaintiff must plead and ultimately prove (1) the existence of a local government custom or policy, and (2) that local governmental employees violated the plaintiff's civil rights while acting under this custom or policy. Id. 694.

> Municipalities are subject to § 1983 liability under Monell only where the municipality itself causes a constitutional violation. . . . When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom.

Cloyd v. Delaware Cty., No. CIV.A. 14-4833, 2015 WL 1312524, at *2–3 (E.D. Pa. Mar. 23, 2015).

5

27. Mr. Quisenberry cannot make out a Monell claim against the County, because the County neither created the custom or policy of using pre-signed warrants, nor directed or oversaw in any respect the utilization of pre-signed warrants.

28. In his Complaint, Mr. Quisenberry incorrectly states that Mr. Ridge and President Judge Emery "were official policymakers" of the County and that their actions relative to issuing and using pre-signed warrants "represented the official policy of Defendant County." **Pl.'s Compl. at ¶¶ 40-41.**

29. In truth, Mr. Ridge was at all relevant times an employee of the Adult Probation Office/the Court of Common Pleas of Washington County/the Unified Judicial System of the Commonwealth of Pennsylvania. See supra Perez v. Borough of Berwick, 507 F. App'x 186, 189-90 (3rd Cir. 2012).

30. Judge Emery, for her part, was also, at all relevant times, an employee of the Court of Common Pleas of Washington County/the Unified Judicial System of the Commonwealth of Pennsylvania, and so her actions cannot be imputed to the County. See Butler v. City of Philadelphia, No. CIV. A. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) ("Moreover, to the extent that plaintiff seeks to hold the City liable for the actions of the Court of Common Pleas in allegedly violating his constitutional rights, his claim fails as a matter of law because the Court is an agency of the Commonwealth. . . . [T]here is no liability on the part of the City [] for the actions of judges of the Court who are not employees or agents of the City.").

31. Since both Mr. Ridge and President Judge Emery were not and still are not employees of the County, it cannot be maintained that they were ever functioning as policymakers at the behest of or on behalf of the County.

32. Likewise, it cannot be maintained that the County bestowed upon them some authority to formulate policies or adopt customs respecting pre-signed warrants.

33. Furthermore, the use of pre-signed warrants was not something the County did or advocated, and it is not something that any of its actual employees did or advocated.

34. Therefore, as a matter of both fact and law, Mr. Quisenberry cannot state a colorable claim against the County under Monell because no "policy, regulation, or decision officially adopted by [it] or informally adopted by [it as a matter of] custom" caused or resulted in a violation of Mr. Quisenberry's rights under the Fourth Amendment.  See Cloyd, 2015 WL 1312524, at *3.

### C. *Failure to State Claims against the Defendants for an Unlawful Arrest*

35. The Defendants request that the Court take judicial notice of particular facts that definitively demonstrate that Mr. Quisenberry cannot state any viable claims for relief against them.

36. Federal Rule of Evidence 201 authorizes the Court—"at any stage of the proceeding"—to take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute because" they are "generally known within the trial court's territorial jurisdiction" and/or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." See F.R.E. 201(b)(1)&(2).  Importantly, "[a] court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment." Feingold v. Graff, 516 F. App'x 223, 225 (3d Cir. 2013).

37. Mr. Quisenberry was arrested in the spring of 2019 and charged with various counts of harassment, terroristic threats, and stalking, following incidents involving Judge Valerie Costanzo of the Court of Common Pleas of Washington County. **See Criminal Docket CP-63-CR-0001178-2019, attached hereto and marked Exhibit A.**

7

38. Mr. Quisenberry was permitted to post bond and was released, with the understanding that he would comply with various conditions imposed under the terms of his release.

39. As testified to by Mr. Ridge at an August 15, 2019 bond revocation hearing, one such condition was that Mr. Quisenberry observe and remain clear of certain "exclusionary zones," including a two (2) mile radius surrounding Judge Costanzo's residence located in the Southpointe area southwest of Pittsburgh. **See August 15, 2019 Bond Revocation Hearing Transcript, attached hereto and marked Exhibit B, at p. 6.**

40. On the evening of August 10, 2019, the "Buddi Clip" Mr. Quisenberry was wearing alerted authorities that he was at or near the Interstate 79 interchange in Southpointe, which placed Mr. Quisenberry within 0.4 miles of the Judge's home—a clear violation of the "exclusionary zones" condition of his release. **Id. at pp. 8, 14.**

41. When notified that Mr. Quisenberry was very near the Judge's home, Mr. Ridge was naturally quite concerned for her safety, especially given his knowledge of Mr. Quisenberry's pending criminal charges as well as his knowledge of Mr. Quisenberry's possession of several firearms. **Id. at p. 10.**

42. Consequently, Mr. Ridge released a warrant for Mr. Quisenberry's arrest that had been previously signed by President Judge Emery. **Id. at pp. 4-5.**

43. The validity of this warrant is the linchpin of Mr. Quisenberry's claims against both Mr. Ridge and the County, because he contends that his arrest was unlawful in that it was based on a pre-signed warrant and not a warrant issued by a judge "in real time" and supported by probable cause.

44. Mr. Quisenberry's contention in this regard is fundamentally flawed.

45. During the August 15, 2019 revocation hearing, the Honorable Senior Judge Gerald Solomon stated on the record that he had personally authorized issuance of the warrant after being advised that Mr. Quisenberry had entered a prohibited "exclusionary zone."

> [Judge Emery] pre-signed all of the warrants. I directed that the warrant be issued on Saturday night, shortly before 9:00 p.m.
> …
> I was told that there was a pre-signed warrant by Judge Emery. The question to me was, "Should it be issued?" I said, "Did he violate the terms?" They said that he did, so I directed that the warrant be issued.

**Id. a p. 38.**

46. At the conclusion of the hearing, Judge Solomon found that Mr. Quisenberry had indeed violated the conditions of his release, leading him to revoke Mr. Quisenberry's bond and commit him to the Washington County Correctional Facility. **Id. at p. 43; and see August 15, 2019 Order of Court, attached hereto and marked Exhibit C.**

47. Thus, notwithstanding Mr. Quisenberry's allegations to the contrary, his arrest was effectuated via a valid, lawful warrant issued by Judge Solomon upon probable cause.

48. Judge Solomon was contacted and told that Mr. Quisenberry had violated the conditions of his release by coming within less-than one-half (1/2) mile of Judge Costanzo's home.

49. Learning this, and being personally familiar with Mr. Quisenberry and his case, Judge Solomon forthwith issued a warrant for his arrest.

50. Following a hearing that featured testimony and evidence presented by both the Commonwealth and Mr. Quisenberry, Judge Solomon concluded that Mr. Quisenberry had breached the terms of his release, elevating probable cause to actual cause justifying his arrest as well as subsequent revocation of bond and incarceration.

51. Furthermore, it is notable that during the August 15, 2019 hearing, Mr. Quisenberry argued that the pre-signed warrant used for his arrest was unlawful. **See Ex. B, at p. 36.**

52. But as explained, Judge Solomon authorized the warrant upon being informed that Mr. Quisenberry had violated the terms of his release.

53. At the hearing, Judge Solomon rejected Mr. Quisenberry's challenge to the legality of the warrant used for his arrest, finding him culpable of a bond violation.

54. The Defendants, therefore, submit that the issue of the legal validity of the subject warrant has been decided.

55. Given this, Mr. Quisenberry should be estopped from contending in the instant suit that the warrant was improper or unlawful.

56. In summation, it is evident that Mr. Quisenberry's arrest was proper, lawful, and in keeping with the protections guaranteed by the Fourth Amendment, and so his claims against both the County and Mr. Ridge must be dismissed.

WHEREFORE, the Defendants, Jon T. Ridge and Washington County, respectfully request that this Honorable Court dismiss the Plaintiff's Complaint against them, in its entirety and with prejudice.

Respectfully submitted,

SWARTZ CAMPBELL, LLC

By: /s/ Robert J. Grimm
Robert J. Grimm, Esquire
PA ID No. 55381
436 7th Ave., Floors 7 & 8
Koppers Building
Pittsburgh, PA 15219
(412) 232-9800
rgrimm@swartzcampbell.com
Attorneys for the Defendants,
Jon T. Ridge and
Washington County

## CERTIFICATE OF MEET-AND-CONFER

I, Ryan M. Joyce, Esquire, associate to Robert J. Grimm, Esquire, hereby certify that I contacted and spoke with Plaintiff's counsel, Wayne A. Ely, Esquire, by telephone on Friday, January 22, 2021, for the purpose of meeting and conferring with Plaintiff's counsel in a good-faith effort to identify perceived legal deficiencies in Plaintiff's Complaint. Despite this good-faith effort, the undersigned and Plaintiff's counsel were unable to resolve their differences and agreed to litigate the same.

SWARTZ CAMPBELL, LLC

By:   /s/Ryan M. Joyce
      Ryan M. Joyce, Esquire
      PA ID No. 309053

## CERTIFICATE OF SERVICE

I, Robert J. Grimm, Esquire, hereby certify that true and correct copies of the foregoing **Defendants' Motion to Dismiss** have been served this 27th day of January, 2021, by Regular U.S. Mail and ECF Filing, to:

> Wayne A. Ely, Esquire
> 225 Lincoln Highway
> Building A, Suite 150
> Fairless Hills, PA 19030
> **(Attorney for Plaintiff)**

> SWARTZ CAMPBELL, LLC
>
> By: /s/ Robert J. Grimm
> Robert J. Grimm, Esquire
> Attorneys for the Defendants,
> Jon T. Ridge and
> Washington County