IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CARLOS QUISENBERRY, | ) | |
| | ) | |
| | ) | 2:20-cv-1824-NR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JON T. RIDGE, Washington County | ) | |
| Chief Adult Probation and Parole | ) | |
| Officer, WASHINGTON COUNTY, | ) | |
| and JUDGE KATHERINE B. | ) | |
| EMERY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court are Defendants' motions to dismiss the amended complaint. ECF 10; ECF 16. For the reasons below, the Court grants the motions, but will dismiss the amended complaint without prejudice and will grant Mr. Quisenberry leave to file a second amended complaint.

Specifically, the Court finds that Mr. Quisenberry has pled only official-capacity claims against Defendants Jon Ridge and Judge Katherine Emery. Those claims are barred by the doctrine of sovereign immunity under the Eleventh Amendment. *See, e.g.*, *Paulson v. Kelly*, No. 20-2653, 2020 WL 3402421, at *4 (E.D. Pa. June 19, 2020) ("Paulson's official capacity claims against Probation Officer Roney, as an employee of the Delaware County Adult Probation and Parole Services, are also barred by the Eleventh Amendment."); *Batch v. Lauricia*, No. 19-1046, 2021 WL 4086130, at *5 (W.D. Pa. Aug. 16, 2021) (Eddy, M.J.) ("Eleventh Amendment immunity extends to the Pennsylvania state courts because they are entities of the Commonwealth of Pennsylvania. As a result, Eleventh Amendment immunity applies to bar Plaintiff's official capacity claims for damages against Judicial

Defendants[.]" (cleaned up), *report and recommendation adopted*, No. 19-1046, 2021 WL 4078655 (W.D. Pa. Sept. 8, 2021).

To circumvent sovereign immunity, Mr. Quisenberry argues that he has also pled individual-capacity claims against Mr. Ridge and Judge Emery. ECF 14, p. 6. Before finding that a defendant has been sued in his or her individual capacity, the Court considers whether the pleadings offer the defendant adequate notice that his or her personal assets are at stake. *Melo v. Hafer*, 912 F.2d 628, 636 n.7 (3d Cir. 1990). Here, the amended complaint does not specifically state that Mr. Quisenberry seeks to sue Mr. Ridge and Judge Emery in their individual capacities. *See generally* ECF 8. Nor does it state that Mr. Quisenberry is pursuing joint and several liability against them, which would have made it clear that their personal assets were on the line. *See Smith v. Cent. Dauphin Sch. Dist.*, 419 F. Supp. 2d 639, 649 (M.D. Pa. 2005). "It is obviously preferable for [Mr. Quisenberry] to be specific in the first instance [regarding the nature of his claims] to avoid any ambiguity." *Melo*, 912 F.2d at 636 n.7. He has not been.

Mr. Quisenberry also argues that sovereign immunity does not apply to his claims against Defendants Ridge and Emery for prospective declaratory and injunctive relief under the *Ex parte Young* doctrine. ECF 14, pp. 6-7 (citing 209 U.S. 123 (1908)). But a close review of the amended complaint reveals that he has not stated a valid claim for prospective relief.

For declaratory relief, Mr. Quisenberry asks the Court to enter a judgment that the warrant that was previously issued in his state-court case was defective. ECF 8, p. 8 ("Plaintiff respectfully requests that the Court … enter a judgment declaring that the policy, practice or custom of utilizing pre-signed arrest warrants in bond violation cases by Defendant Ridge, Defendant Emery, and Defendant County violate the Fourth and Fourteenth Amendments to the United States Constitution"). That is a declaration of past liability, and the *Ex parte Young* exception "may not be

used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1996) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

For injunctive relief, Mr. Quisenberry asks that Mr. Ridge and Judge Emery "be enjoined from continuing the policy, practice or custom of utilizing pre-signed arrest warrants in bond violation cases[.]" ECF 8, p. 8. The problem with this request is that Mr. Quisenberry "does not allege facts from which it can reasonably be inferred that he has standing to seek [this] injunctive relief" against those Defendants. *Stoneroad v. Johnson*, No. 18-2276, 2020 WL 2107665, at *8 (M.D. Pa. Apr. 6, 2020), *report and recommendation adopted,* No. 18-2276, 2020 WL 2098333 (M.D. Pa. May 1, 2020). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Here, it would be speculative to conclude that Mr. Quisenberry will suffer any continuing adverse effects of the alleged conduct. That is because doing so would require him to plead that he is likely to be subject to (i) a bond violation again, (ii) an arrest again, and (iii) the use of a pre-signed warrant in that circumstance again. Mr. Quisenberry simply has not done that, and the Court must "assume that [Mr. Quisenberry] will conduct [his] activities within the law" and avoid "exposure to the challenged course of conduct." *United States v. Sanchez Gomez*, 138 S.Ct. 1532, 1541 (2018) (cleaned up). Thus, Mr. Quisenberry has not alleged that he is under threat of suffering an actual or imminent harm from Mr. Ridge and Judge Emery that is concrete and particularized, so he lacks standing to seek injunctive relief. *See, e.g.*, *J. C. v. Ford*, 674 F. App'x 230, 233 (3d Cir. 2016) ("J.C. failed to state a plausible claim that he will be subject to a suspicionless urine test in the future. As J.C. has not alleged that there is any 'real and immediate' threat that he will be injured by

- 3 -

the actions which he seeks to have enjoined, he lacks standing to bring his claims for prospective injunctive relief."); *Stoneroad*, 2020 WL 2107665, at *8 ("[I]t would be speculation to conclude that Stoneroad would again violate the law and would again appear before Judge Johnson or interact with the unknown office manager or Deputy Court Administrator Petry.").

Finally, the Court finds that Mr. Quisenberry has failed to state a claim against Defendant Washington County.  Mr. Quisenberry's theory is that the County is liable for the acts of Mr. Ridge and Judge Emery.  But that cannot be the case because those Defendants are employees of the Commonwealth, not the County.  *See Clark v. Conahan*, 737 F. Supp. 2d 239, 258 (M.D. Pa. 2010) ("The probation department is an arm of the state, and its employees are state actors[.]" (citation omitted)); *Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system … are part of 'Commonwealth government' and thus are state rather than local agencies." (citations omitted)).

Similarly, Mr. Quisenberry's *Monell* claim against the County is tied to the conduct of Mr. Ridge and Judge Emery—who are, again, Commonwealth employees.  For Mr. Quisenberry to state a *Monell* claim against the County, he must identify County policy makers that implemented or carried out the illegal policy at issue.  He has not done so.  *Mathias v. York County*, No. 16-1338, 2017 WL 770610, at *8 (M.D. Pa. Feb. 28, 2017) ("Mathias does not plausibly allege facts suggesting that York County exercised authority or control over the York County Adult Probation Department or its employees. … Thus, they do not make policy for York County, and York County cannot be liable for their policies."); *Ward v. Pennsylvania*, No. 14-17, 2014 WL 4682067, at *3 n.3 (E.D. Pa. Sept. 22, 2014) (dismissing claims against Delaware County based on the policy of the Delaware County Office of Adult Probation and Parole because that office "is an entity of the Commonwealth of Pennsylvania, not Delaware County," and the officers "are state rather than county

- 4 -

officials" and plaintiff failed to make "factual allegations sufficient to show that Delaware County exercised any control over the policies, practices or events at issue in this case" (citation omitted)).

*********************

For these reasons, this **23rd day of September, 2021,** it is hereby **ORDERED** that Defendants' motions to dismiss (ECF 10; ECF 16) are **GRANTED**. However, given that many of the amended complaint's deficiencies are based on insufficient facts, the Court cannot say that amendment would be entirely futile.  It therefore will dismiss the complaint without prejudice and will grant Mr. Quisenberry leave to amend.[1]  **IT IS FURTHER ORDERED** that Mr. Quisenberry may file a second amended complaint by **September 30, 2021**.  If no second amended complaint is filed by then, the Court will order that this case be closed.[2]

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] The Court acknowledges that Defendants also seek dismissal based on the doctrines of qualified immunity and judicial immunity.  The Court need not reach these arguments at this juncture.  Should Mr. Quisenberry file a second amended complaint, Defendants are free to re-argue these bases for dismissal.

[2] If he chooses to amend his complaint, Mr. Quisenberry should ensure that these factual deficiencies are remedied.  That said, it is not enough for Mr. Quisenberry to simply provide more factual allegations—the factual allegations must support the requisite legal elements of his claims.  Conclusory assertions are insufficient.